UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID S.,

                   Plaintiff,                        **DECISION AND ORDER**

     v.

                                            1:21-CV-00503-EAW

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.
_____

## INTRODUCTION

Plaintiff David S. ("Plaintiff") seeks attorneys' fees of $6,058.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 12; Dkt. 17). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 14; Dkt. 18). For the reasons below, the Court grants Plaintiff's motion.

## BACKGROUND

On April 15, 2021, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). (Dkt. 1). On July 26, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Dkt. 8).

On July 13, 2022, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $6,000.00 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 12-8 at 2, 5).

On August 23, 2022, the Commissioner issued a letter correcting the Notice of Award and the amount withheld for Plaintiff's attorneys' fees from $6,000.00 to $12,058.00.  (Dkt. 14-1 at 2).

On August 25, 2022, the Court granted the parties' joint motion to reopen the matter for purposes of entering judgment in Plaintiff's favor.  (Dkt. 10).  Judgment was entered on August 26, 2022.  (Dkt. 11).

On September 8, 2022, Plaintiff moved under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") and 42 U.S.C. § 406(b), seeking $1,075.76 in EAJA fees and $6,058.00 under § 42 U.S.C. § 406(b).  (Dkt. 12).  By Stipulated Order filed on September 12, 2022, the Court approved EAJA fees of $1,021.00.  (Dkt. 13).

On September 13, 2022, the Commissioner filed a response to Plaintiff's request for $6,058.00 under § 42 U.S.C. § 406(b) deferring to the Court to resolve the timeliness and reasonableness of Plaintiff's request.  (Dkt. 14).

On June 20, 2024, the Court requested supplemental briefing from Plaintiff on the issue of the timeliness and reasonableness of his request.  (Dkt. 16).  Plaintiff responded on July 8, 2024 (Dkt. 17), and the Commissioner filed a reply on July 12, 2024 (Dkt. 18).

## DISCUSSION

I.     **Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(1).  Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award.  *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir.

2019).  A presumption also applies that a notice is received "three days after mailing."  *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).  That said, when a matter has been remanded pursuant to sentence six, the motion for attorney's fees cannot be filed until after a party obtains final judgment in favor of plaintiff.  *See McCown v. Astrue*, No. 06 CIV. 3981 (DAB), 2009 WL 602939, at *4 (S.D.N.Y. Mar. 3, 2009) ("Applying for attorney's fees . . . following a sentence six remand, but before the Commissioner returns to the district court . . . to file additional or modified findings of fact and decision is premature because . . . the district court lacks a basis for assessing the merits of the plaintiff's request for attorney's fees, [and] . . . cannot enter its final judgment until the Commissioner returns to it . . .").

The Commissioner issued the original Notice of Award on July 13, 2022, which was corrected on August 23, 2022 (Dkt. 12-8; Dkt. 14-1 at 2), and then the Court entered judgment on August 26, 2022 (Dkt. 11).  Plaintiff filed his motion 13 days afterward on September 8, 2022.  (Dkt. 12).  Accordingly, Plaintiff's application was timely.

## II.    The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an

independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

A fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. Thus, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec*., No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Plaintiff's counsel seeks $6,058.00, and indicates that this amount is within the statutory 25 percent cap of the total amount of past-due benefits—$48,232.00—awarded by the Commissioner.[1]  (Dkt. 12-1 at ¶¶ 12, 16).  The Commissioner notes that the amount requested is not greater than 25% of Plaintiff's past-due benefits and defers to the Court to determine its reasonableness.  (Dkt. 14 at 6, 7).  Utilizing the factors set forth above, the Court finds that the amount counsel seeks is within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  Here, counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought.  There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation.  The success of Plaintiff's

---

[1]    Plaintiff attached the July 13, 2022, Notice of Award to his original application, which stated that the Commissioner withheld $6,000.00 from his past-due benefits to pay his representative.  (Dkt. 12-8 at 5).  In his supplemental papers, Plaintiff alluded to the possible mistake of the Commissioner to either withhold the proper amount or state the proper amount in the Notice of Award (Dkt. 17 at 5-6), but Plaintiff never referenced the corrected Notice issued by the Commissioner on August 23, 2022.   Instead, the Commissioner submitted the corrected Notice showing that the amount withheld was $12,058.00.  (Dkt. 14-1 at 2).

claim was uncertain as demonstrated by multiple denials of his application at the agency level.  Accordingly, the amount sought by counsel was reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's experience, and the absence of any significant delay in the proceedings caused by counsel.

Counsel submits that 7.0 total hours of work was performed on Plaintiff's matter by attorneys and paralegals at his firm.  (Dkt. 12-1 at ¶ 18).  The records reveal that 3.1 hours were expensed by attorneys (Dkt. 12-5), with 3.9 hours by paralegals and other support staff.  (Dkt. 12-6).  Accordingly, the requested fee would result in a de facto blended hourly rate, *i.e.*, the rate that includes both attorney and paralegal hours, of $865.43 ($6,058.00 divided by 7.0 hours).  (Dkt. 12-4).  Deducting the cost of 3.9 hours of paralegal time at the reported hourly rate of $100.00 per hour (Dkt. 12-1 at ¶ 18) would result in the effective hourly rate for attorney time of $1,828.39 per hour.  The Court finds that neither the de facto blended hourly rate, nor the attorney hourly rate, or the overall requested attorneys' fees amount, constitutes a windfall.  The effective hourly rate ranging between $865.43 and $1,828.39 falls within (or below) the range of rates under § 406(b) approved by courts, and while the de facto hourly rate of $1,828.39 is slightly above the range of fees that are typically approved, it is not "per se unreasonable, in light of the particular procedural history of this case, and the effectiveness of counsel's efforts, which brought about a favorable result with greater expediency than is typical."  *Lee v. Comm'r of Soc. Sec.*, No. 20-CV-1457DGL, 2024 WL 1693271, at *1 (W.D.N.Y. Apr. 19, 2024); *see, e.g.*, *Fields*, 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (an

hourly rate of $1,705.16 did not constitute "windfall" to counsel); *John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99-FPG, 2023 WL 2623584, at *2 (W.D.N.Y. Mar. 24, 2023) (court approved the de facto hourly rate of $1,685.39); *Daniel E. W. v. Berryhill*, No. 5:17-CV-0271 (DEP), 2019 WL 1986538, at *6 (N.D.N.Y. May 6, 2019) (approving a blended hourly rate ranging from $612.54 to $812.41 per hour); *Kazanjian v. Astrue*, No. 09 Civ. 3678(BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (de facto hourly rate of $2,100).

As a result, the Court finds that the requested fee award of $6,058.00 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel must return the previously received EAJA fee award of $1,021.00 to Plaintiff. (Dkt. 13). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 12) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $6,058.00; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $1,021.00 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 31, 2024
                Rochester, New York